813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. COLE, Appellee,
v.
Marlin F. BACHTELL, Warden, M.C.T.C., Appellant.
 No. 85-6734.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1986.
Decided Aug. 28, 1986.
 
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 Ann E. Singleton, Assistant Attorney General (Stephen H. Sachs, Attorney General of Maryland on brief) for appellant.
 Richard Bardos, Assistant Federal Public Defender (Fred Warren Bennett, Federal Public Defender on brief) for appellee.
 PER CURIAM:
 
 
 1
 The district court, after de novo review of the record, granted a writ of habeas corpus as recommended by a magistrate. The writ was granted because of the failure of the Maryland state trial judge to instruct the jury, in submitting to it the defense of entrapment, that once defendant showed by a preponderance of the evidence that the police induced the commission of the crime, the state had the burden of showing beyond a reasonable doubt that defendant was predisposed to commit the crime.
 
 
 2
 We agree with the district court that the evidence fairly raised the issue of entrapment.[1] The contrary ruling of the Maryland Court of Special Appeals quite obviously overlooked substantial evidence of entrapment that might have been called to its attention had it heard argument of the case.[2] With such evidence developed, we agree with the district court that the trial court's instruction was constitutionally deficient for the reasons advanced by the district court in its memorandum and order, Cole v. Bachtell, Civ. No. M-83-2554 (D.Md. Oct. 31, 1985) (unreported).
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 Defendant, a police informant, testified that he engaged in a daytime housebreaking at the direction of the police so as to enable the police to obtain incriminatory evidence on suspected gun dealers. There was substantial corroborative testimony from other witnesses
 
 
 [2]
 We note that the trial judge submitted the issue of entrapment to the jury thereby indicating that he too did not doubt the sufficiency of the evidence to raise the defense